IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Walter G. Sanders, Jr., | ) | C.A. No. 5:23-02332-HMH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden M. Joseph, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West made in accordance with 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02. Petitioner Walter G. Sanders, Jr., a federal prisoner proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. For the reasons below, the court dismisses the petition for lack of jurisdiction.

On February 19, 2010, Petitioner pled guilty in the United States District Court for the Southern District of Illinois to one count of conspiracy to distribute crack cocaine and three counts of distributing crack cocaine. (United States v. Sanders, No. 4:09-cr-40069-JPG-2 (S.D. Ill. Feb. 19, 2010), ECF No. 191.) Petitioner was sentenced to 300 months' imprisonment. (Id. (S.D. Ill. June 16, 2010), ECF No. 396.) The sentencing court subsequently reduced Petitioner's term of imprisonment from 300 months to 240 months pursuant to 18 U.S.C. § 3582(c)(2). (Id. (S.D. Ill. May 27, 2014), ECF No. 829.)

Petitioner filed the instant § 2241 petition on May 30, 2023. Petitioner contends (1) that his prior state drug conviction no longer qualifies as a predicate felony controlled substance offense and (2) that he is entitled to a sentence reduction under Amendment 782 to the United States Sentencing Guidelines. (§ 2241 Petition 6, ECF No. 1-2.)

1

In her Report and Recommendation filed on August 21, 2023, Magistrate Judge West recommends dismissing the petition for lack of jurisdiction.  Specifically, the magistrate judge found that Petitioner cannot challenge his sentence via a § 2241 petition because he has not filed a 28 U.S.C. § 2255 motion.  (R&R 3, ECF No. 20.)  Petitioner filed timely objections to the Report and Recommendation.  (Obj., generally, ECF No. 25.)

A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court.  Mathews v. Weber, 423 U.S. 261, 271 (1976).  The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions."  28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).  In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

In his objections, Petitioner argues that the magistrate judge incorrectly stated that he has not filed a § 2255 motion with the sentencing court.  (Obj. 1-2, ECF No. 25.)  A review of court records from the Southern District of Illinois reveals that Petitioner has in fact filed a previous § 2255 motion that has been adjudicated on the merits.  See Sanders v. United States, No. 11-559-GPM, 2013 WL 1490989 (S.D. Ill. Apr. 11, 2013) (unpublished).

Petitioner further argues that he should be allowed to proceed with the instant § 2241 petition under the saving clause of § 2255(e) because he "has satisfied his obligation to seek habeas relief through § 2255" and because § 2255 is inadequate or ineffective to test the legality of his detention. (Obj. 2, ECF No. 25.)

Generally, a federal prisoner seeking to attack the validity of his conviction or sentence must do so through a § 2255 motion. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Section 2255's saving clause, however, allows a federal prisoner to proceed under § 2241 if he establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Supreme Court recently clarified in Jones v. Hendrix that such recourse is available only "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." 143 S. Ct. 1843, 1868 (2023). Jones also held that the saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act's] restrictions on second or successive § 2255 motions by filing a § 2241 petition."[1] Id. at 1864. "The inability of a prisoner with a statutory claim to satisfy those conditions," the Court explained, "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 1869.

Petitioner concedes in his objections that he cannot satisfy either of § 2255(h)'s conditions for a second or successive motion. (Obj. 2, ECF No. 25.) Additionally, Petitioner has

---

[1] A prisoner cannot bring a second or successive § 2255 motion unless the appropriate court of appeals first certifies that the motion contains either (1) "newly discovered evidence" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

not identified any "unusual circumstances" that would make it "impossible or impractical for

[him] to seek relief from the sentencing court." <u>Jones</u>, 143 S. Ct. at 1866.  Accordingly,

Petitioner is unable to satisfy the saving clause, and he cannot proceed with his claim under

§ 2241.

For these reasons, the court lacks jurisdiction to consider the petition and adopts

Magistrate Judge West's Report and Recommendation to the extent it is consistent with this

order.

It is therefore

**ORDERED** that the petition is dismissed without prejudice and without requiring

Respondent to file a return.  It is further

**ORDERED** that a certificate of appealability is denied because Petitioner has failed to

make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**


                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
September 11, 2023

---

[2] District courts must issue certificates of appealability when entering "a final order
adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Cases.  These rules may be
applied to other types of habeas corpus petitions.  Rule 1(b), Rules Governing § 2254 Cases.

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.